## SUPREME COURT.

HENRY B. CLAPP, and others agt. PETER L. SCHUTT, and others.

A *sheriff* has no right of action against *bail*, under section 203 of the Code, until he has sustained damages from the liability as bail which the law imposes upon him; that is, damages by reason of failure of bail to justify, or other bail to be put in. And such damages must be averred and shown.

Whether the sheriff may *assign* his right of action which he may have against bail. *Quere?*

*New York General Term, July,* 1865.

*Before* INGRAHAM, CLERKE *and* BARNARD, *Justices.*

DEMURRER to complaint.

INGRAHAM, P. J.  I do not deem it necessary to decide in this case whether the sheriff may or may not assign the right of action which he may have against the bail. I can see no reason why, after that right has become perfect, and he has an action for damages on the undertaking, he may

not assign that right to a third person.    I think, however, other views of this case are decisive of the question raised on the demurrer.

The bail originally put in were excepted to, and did not justify.   They did not, therefore, become responsible to the plaintiffs, and the sheriff became liable as bail in the action (§ 201 *of the Code*).   From this liability he can be discharged by putting in other bail.   By the 203d section, the bail, in case they do not justify, or other bail is not given, become liable to the sheriff by action for damages which he may sustain by reason of such omission (§ 203). This section is intended to secure the sheriff against the consequences of a failure to justify, or to put in other bail. The liability he assumes is to be bail himself, and he has a right to recover from the original bail the damages which he sustains by reason of that liability.   It is apparent, therefore, that he has no action against the bail until he has sustained damage from the liability as bail which the law imposes upon him.   His right of action is not to recover for not putting in bail, or surrendering the principal, but for damages which he may sustain by reason of such omission to justify, &c., and until he has sustained such damage he has no right of action against the bail. In this respect this liability of the bail is different from that under which the bail to the sheriff were liable under the old system.   They were liable if they did not put in bail in the action.   Under the present system the liability is for the damages which the sheriff has sustained.   From what I have said, it is easy to define what the complaint should contain to make out a sufficient cause of action.

It is not the only facts preliminary to giving the undertaking, the neglect to justify or substitute other bail, and the recovery of judgment in the original action with the execution, but also that the sheriff has sustained damage in the action, and a statement of what that damage was. This would be necessary to enable the sheriff to recover

Clapp agt. Schutt.

in his own name. It would be just as necessary if the plaintiff, as assignee, could maintain an action. In this respect the complaint demurred to is defective. There is no averment of any damages, nor is it even averred that the sheriff has in any respect been damaged, and without that there is no cause of action stated.

The demurrer in this respect is well taken, and the judgment should be affirmed.

CLERKE, J. The plaintiff can maintain this action only as the party for whose benefit it was originally made, or as the assignee of the sheriff, either as obligee or assignee. The commissioners, I think, from the whole tenor of the provisions relating to arrest and bail, intended that the undertaking given by a defendant on his arrest, should be made as a contract with the plaintiff in the action, leaving it to the option of the latter to accept it or not, as he may deem proper (§ 192). If he decides on not accepting it, he must notify the sheriff to that effect within ten days after he receives a certified copy of it, otherwise he shall be deemed to have accepted it. After the service of the notice refusing to accept the bail, it ceases to have any effect unless the bail justify in the manner prescribed, and after due examination as to the sufficiency of the sureties, the judge indorses his allowance on the undertaking. Unless this be done, the plaintiff is no party to the instrument, for he has otherwise positively rejected it. If the bail should justify, and be allowed after the refusal to accept, the instrument is revived, and the plaintiff is compelled to accept, and becomes the obligee for whom it was originally designed. In the case before us, the plaintiff gave notice that he would not accept the bail; the bail never justified, and nothing whatever was done by the defendant in relation to the undertaking. The plaintiff, as in any other instrument which the party neglects, ceased to have any interest in it. If this is so, he certainly cannot sue as the original obligee of the undertaking. But it

is insisted that he can sue as the assignee of the sheriff; the latter having the same power to assign as he had under the former system to assign bail bonds. As I have already mentioned, in the new system the plaintiff is, I think, exclusively the party to whom the instrument is executed. Section 187, indeed, does not state in express words when prescribing what the undertaking shall contain, to whom it shall be executed, and in fact, the undertaking never contains the name of an obligee. Still, I have no doubt, for the reasons above stated, that the undertaking is not a contract with the sheriff, and that he therefore has no assignable interest in it. To be sure, by section 203, the bail shall, unless they justify in the manner directed by sections 193, 195, 196, or other bail be given or justified, be liable to the sheriff in an action for damages which he may sustain by reason of such omission. This, however, does not show that he has any assignable interest in the undertaking. By the provisions of the Revised Statutes, founded on the common law practice, the defendant when arrested, gave a bond executed by himself and two sureties, to the officer making the arrest (2 *R. S.* 348, *marginal*, § 12), conditional that he would put in special bail within twenty days after the return day of the writ, &c., and by the next section it is provided if default be made in condition of the bond, the sheriff may assign the bond to the plaintiff in the action. But no provision of this kind is made in the system established by the Code, which is a complete substitute for the old practice. Nothing is said of the assignment, or the right of the sheriff to assign. No such word appears in the sections relating to arrest and bail, consequently when the plaintiff refuses to accept the bail, and they fail to justify, their only liability is that given by section 203, in an action by the sheriff not on the contract, but for the damages which he may have sustained by reason of their omission or neglect.

The judgment should be affirmed, with costs.